1  K. Randolph Moore, Esq. SBN 106933
   Tanya Moore, Esq. SBN 206683
2  MOORE LAW FIRM, P.C.
   332 N. Second Street
3  San Jose, CA  95112
   Telephone (408) 271-6600
4  Facsimile (408) 298-6046

5  Attorneys for Plaintiff
   Alma Clarisa Hernandez
6

7

8

9                         UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11  ALMA CLARISA HERNANDEZ,          No. V 10-02033

12          Plaintiff,                Plaintiff's Complaint

13      vs.

14  THE SUPREME MASTERS CHING
    HAI  INTERNATIONAL
15  ASSOCIATION VEGETARIAN
    HOUSE, INC.  dba VEGETARIAN
16  HOUSE, JOHN R. CHACE,

17

18          Defendants.

19

20                    I.    SUMMARY

21      1.    This is a civil rights action by plaintiff ALMA CLARISA

22  HERNANDEZ ("Hernandez") for discrimination at the building, structure,

23  facility, complex, property, land, development, and/or surrounding business

24  complex known as:

25  Vegetarian House
    520 E. Santa Clara St.
26  Santa Jose, CA 95112
    (hereinafter "the Restaurant")
27

28
    *Hernandez v. Vegetarian House, Inc., et al.*

    Plaintiff's Complaint

ADR

FILED

MAY 1 1 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

2.   HERNANDEZ seeks damages, injunctive and declaratory relief, attorney fees and costs, against THE SUPREME MASTER CHING HAI INTERNATIONAL ASSOCIATION VEGETARIAN HOUSE, INC., dba VEGETARIAN HOUSE and JOHN R. CHACE (hereinafter referred to collectively as Defendants), owners and operators of Vegetarian House ("Restaurant"), pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.) and related California statutes.

## II.   JURISDICTION

3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.   Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.   Hernandez's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6.   All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b),(c).

## IV.   PARTIES

7.   Defendants own, operate, and/or lease the Restaurant, and consist of a person (or persons), firm, and/or corporation.

8.   Hernandez was diagnosed with severe scoliosis and was confined in a wheelchair for over 15 years. Consequently, Hernandez is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

9.     The Restaurant is a public accommodation facility serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Hernandez visited the Restaurant and encountered barriers (both physical and intangible) that interfered with – if not outright denied – her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Hernandez, the barriers at the Restaurant included, but are not limited to, the following:

A.     Parking:

1) A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;

2) Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE.  TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number);

3) The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

4) Parking spaces are not located on the shortest accessible route of travel from adjacent parking to the accessible entrance;

5) Each parking space reserved for persons with disabilities is not identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of the International Symbol of Accessibility in white on a dark blue background;

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

6) There is no van-accessible parking space provided;

7) There are no additional signs "Minimum Fine $250.00" provided;

8) The surface of each accessible parking pace does not have a surface identification duplicating either of the following schemes:

    a. By outlining or painting the stall or space in blue and outlining on the ground in the stall or space in white or suitable contrasting color a profile view depicting a wheelchair with occupant;

    b. By outlining a profile view of a wheelchair with occupant in white on blue background. The profile view shall be located so that it is visible to a traffic enforcement officer when a vehicle is properly parked in the space and shall be 36" high by 36" wide;

9) There is no accessible route provided within the boundary of the site to an accessible building entrances from:

    a. Public transportation stops;

    b. Accessible parking spaces;

    c. Accessible passenger loading zones;

    d. Public streets and sidewalks.

10)    Signage containing the International Symbol of Accessibility is not located at the primary public entrance;

11)    The only public entrance provided does not have a level landing provided;

12)    Single accommodation toilet does not provide one accessible water closet and one accessible lavatory;

13)    Doors swing into the clear floor space required for lavatory/water closet;

14)    Doors, fixtures and controls are not located on an accessible route;

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

15)     The entrance door to a single accommodation toilet room does not
        contain a privacy latch (push button-lever release recommended);

16)     The minimum clear width of the accessible route is less than 36";

17)     The entrance door to the only stall provided is not accessible;

18)     Floor mats and doormats are not adequately anchored to prevent
        interference with wheelchair traffic;

19)     Handles, pulls latches, locks and other operating devices on
        accessible doors shall have a shape that is easy to grasp with one hand and
        does not require tight grasping, tight pinching or twisting of the wrist to
        operate;

20)     Door closers are not provided;

21)     Sufficient space for a wheelchair measuring 30" wide x 48" long to
        enter the single-accommodation restroom and permit the door to close is
        not provided;

22)     A clear space of sufficient size to inscribe a 60" diameter circle, or a
        T-shaped clear space is not provided within the sanitary facility room;

23)     The door encroaches more than 12" into the required clear space;

24)     A minimum 60" wide and 48" deep clear floor space is not provided
        in front of the water closet;

25)     The top of the toilet seat is less than 17"-19" from floor surface
        measured to the top of a maximum 2" high toilet seat;

26)     The flush valve is on the narrow side of the toilet area;

27)     Grab bars within the accessible compartment are not provided on the
        side wall closest to the water closet and on the rear wall;

28)     The side grab bar is less than 42" in length;

29)     The front end of the side grab bar is not positioned a minimum of
        24" in front of the water closet;

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

30)     The front end of the side grab bar is not located a minimum of 54"
        from the rear wall;

31)     The side grab bar is not securely attached and is not mounted at 33"
        to the center of the bar above and parallel to the floor;

32)     No rear grab bar is provided;

33)     The toilet paper dispenser is mounted less than a minimum height of
        19" from the floor to the centerline of the dispenser;

34)     The toilet paper dispenser is mounted more than a maximum
        distance of 36" from the rear wall to the front of the dispenser;

35)     There no minimum 30"x48" clear space provided in front of the
        lavatory for forward approach;

36)     Drain and hot water piping is not insulated or configured to prevent
        contact;

37)     There are sharp and abrasive elements under lavatory;

38)     Operable part of the toilet seat dispenser is located over 40" above
        floor;

39)     Coat hook is not located within the appropriate reach ranges;

40)     Sanitary facilities are not displaying signs in a minimum of two
        locations; one type located on the doorway to the facility, and another type
        mounted on the wall adjacent to the latch side of the door.

41)     The International Symbol of Accessibility is not posted at accessible
        sanitary facilities;

42)     The restroom identification signage is not located on the wall
        adjacent to the latch side of the door;

43)     The stall door is not equipped with an automatic closing device;

44)     The inside and outside of the compartment door is not equipped with
        a loop or U-shaped handle located immediately below the latch;

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

45)      There is no accessible seating provided at the bar;

46)      There is no accessible cashier/hostess stand provided;

47)      There is no accessible seating provided in the restaurant.

These barriers prevented Hernandez from enjoying full and equal access.

11.      Hernandez was also deterred from visiting the Restaurant because she became aware that the Restaurants goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12.      Hernandez also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to her disability. Nothing within this complaint, however, should be construed as an allegation that Hernandez is seeking to remove barriers unrelated to her disability.

13.      Defendants knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.      At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the Restaurant to conform to accessibility standards. Defendants have intentionally maintained

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

the Restaurant and in its current condition and haves intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

15. Hernandez further alleges that the (continued) presence of barriers at the restaurant is so obvious as to establish Defendants discriminatory intent.[1] On information and belief, Hernandez avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Restaurant; conscientious decision to the architectural layout (as it currently exists) at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that Defendants' property continues to exist in its non-compliance state. Hernandez further alleges, on information and belief, that the Restaurant is not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

16. Hernandez incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Hernandez by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and

---

[1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

[2] Id.; 28 C.F.R. § 36.211(b)

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

Page 8

accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.   42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.     Here, Hernandez alleges that Defendants can easily remove the architectural barriers at Restaurant without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.     In the alternative, if it was not "readily achievable" for Defendants to remove the Restaurant's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct and Accessible Facility

23.     On information and belief, the Restaurant was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

24.     The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

1    usable by, individuals with disabilities when it was structurally practicable to do

2    so. 42 U.S.C. § 12183(a)(1).

3        25.    Here, Defendants violated the ADA by designing and constructing

4    (or both) the Restaurant in a manner that was not readily accessible to the

5    physically disabled public – including Hernandez – when it was structurally

6    practical to do so.[3]

7              <u>Failure to Make an Altered Facility Accessible</u>

8        26.    On information and belief, the Restaurant was modified after

9    January 26, 1992, independently triggering access requirements under the

10    ADA.

11        27.    The ADA also requires that facilities altered in a manner that

12    affects (or could affect) its usability must be made readily accessible to

13    individuals with disabilities to the maximum extent feasible.    42 U.S.C. §

14    12183(a)(2).    Altering an area that contains a facility's primary function also

15    requires adding making the paths of travel, bathrooms, telephones, and drinking

16    fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

17        28.    Here, Defendants altered the Restaurant in a manner that violated

18    the ADA and was not readily accessible to the physically disabled public –

19    including Hernandez – to the maximum extent feasible.

20            <u>Failure to Modify Existing Policies and Procedures</u>

21        29.    The ADA also requires reasonable modifications in policies,

22    practices, or procedures, when necessary to afford such goods, services,

23    facilities, or accommodations to individuals with disabilities, unless the entity

24    can demonstrate that making such modifications would fundamentally alter

25    their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

26

27    _____

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing

28    this action as a private attorney general under either state of federal statutes.
      *Hernandez v. Vegetarian House, Inc., et al.*

      Plaintiff's Complaint

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.     Hernandez seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.     Hernandez also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.   SECOND CLAIM
### Disabled Persons Act

33.     Hernandez incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.     California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.     California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.     Both sections specifically incorporate (by reference) and individual's rights under the ADA.  See Civil Code §§ 54(c) and 54.1(d).

37.     Here, Defendants discriminated against the physically disabled public – including Hernandez – by denying them full and equal access to the Restaurant.  Defendants also violated Hernandez's rights under the ADA, and

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

therefore, infringed upon or violated (or both) Hernandez's rights under the Disabled Persons Act.

38.   For each offense of the Disabled Persons Act, Hernandez seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.   She also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII.  THIRD CLAIM
### Unruh Civil Rights Act

40.   Hernandez incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.   California Civil Code § 51 states, in part, that;  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.   Defendants aforementioned acts and omissions denied the physically disabled public – including Hernandez – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

45.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Hernandez by violating the Unruh Act.

46.   Hernandez was damaged by Defendants wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47.   Hernandez also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.   Hernandez incorporates the allegations contained in paragraphs 1 through 13 of this claim.

49.   Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

50.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.   Hernandez alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52.   Defendants' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Hernandez and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

*Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint

1

## X.    PRAYER FOR RELIEF

2    WHEREFORE, Hernandez prays judgment against Defendants for:

3       1. Injunctive relief, preventive relief, or any other relief the Court deems

4          proper.

5       2. Declaratory relief that Defendants violated the ADA for the purposes of

6          Unruh Act or Disabled Persons Act damages.

7       3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the

8          California Civil Code (but not both) according to proof.

9       4. Attorneys' fees, litigation expense, and costs of suit.[4]

10       5. Interest at the legal rate from the date of the filing of this action.

11

12    Dated: May 11, 2010

13                               K. Randolph Moore

                               Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27    [4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

28    *Hernandez v. Vegetarian House, Inc., et al.*

Plaintiff's Complaint